UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

OMAR SOLANO,

    Plaintiff,

v.

MANAGEMENT HOSPITALITY, LLC., d/b/a
WYNDHAM GARDEN MIAMI INTERNATIONAL
AIRPORT,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, OMAR SOLANO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, (hereafter referred to as "Defendant") and as MANAGEMENT HOSPITALITY, LLC., d/b/a WYNDHAM GARDEN MIAMI INTERNATIONAL AIRPORT, grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

### PARTIES

2. Plaintiff, Omar Solano, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, Management Hospitality, LLC., d/b/a Wyndham Garden Miami International Airport is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. At all times material hereto Defendant was an "employer" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

5. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. The Plaintiff is a Cuban Hispanic Male.

12. The Plaintiff began to work for Defendant on or about March 7, 2021, as a food and beverage manager.

13. As soon as Plaintiff began working for Defendant, he realized that Lino Libertella and Salvatory Natoli, the Defendant's Venezuelan-Italian owners, had an unfavorable opinion of Cubans.

14. Throughout Plaintiff's entire tenure working for Defendant, he experienced several incidents of discriminatory nature due to his Cuban national origin. For example, but not limited to, Mr. Libertella commenting in front of the entire staff that the "Negroni" cocktail did not taste the same since he began working there, and someone needed to "repair the cocktail" due to the owner refusing to continue having a "Cuban Negroni" using a derogatory tone.

15. The owners attempting to "repair the cocktail" reviewed and discussed the situation with Mr. Victor Tapia, a consultant hired by the company, who also created the cocktail menu. Mr. Victor Tapia pointed out to the owners that the drink tasted different due to the Vermouth used to prepare it, but Plaintiff was preparing the drink according to the recipe provided by the Defendant.

16. Another example, on or about April of 2021, the owners Lino Libertella and Salvatory Natoli told Plaintiff that "you (referring to Cubans) want to do everything Cuban-Style," in reference to his preparation of drinks. However, the apprehension, in addition to being discriminatory, had no basis as Plaintiff followed all of the drink receipts established for cocktails by Defendant.

17. Finally, on May 3, 2021, Plaintiff was discharged without the Defendants ever giving him any explanation.

18. The Plaintiff never had any issues, warnings, or disciplinary actions during his entire tenure with Defendant.

19. As a result of Defendant's discriminatory treatment of the Plaintiff based on his national origin, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I

## National Origin Discrimination in Violation of the Title VII

20. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 19, as if fully set forth herein.

21. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin.

22. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

23. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

24. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

25. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

26. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

27. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

28. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

d. An award of punitive damages;

e. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

f. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted,
By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088